# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 13-0832 JGB (SPx)** | Date | September 19, 2013 |
|---|---|---|---|
| Title | *Gumaro Trevino v. Kaiser Permanente International, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  Order (1) DENYING Defendants' Motion to Dismiss (Doc. No. 9) and (2) REMANDING the action to the California Superior Court for the County of Riverside (IN CHAMBERS)

    Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. No. 9.)  The Court finds this matter suitable for resolution without a hearing pursuant to Local Rule 7-15.  After considering all papers submitted in support of and in opposition to the Motion, the Court DENIES Defendants' Motion and REMANDS the action to state court.

## I.  BACKGROUND

    Plaintiff Gumaro Trevino filed his complaint against Defendants Kaiser Permanente International ("KPI"), Kaiser Foundation Hospitals ("KFH"), and The Permanente Medical Group ("TPMG") (collectively, "Defendants") on May 3, 2013.  (Doc. No. 1.)  Defendants moved to dismiss the complaint on May 10, 2013.  (Doc. No. 5.)  In response, Plaintiff filed an amended complaint, which is the operative pleading here.  ("FAC," Doc. No. 6.)

The FAC alleges that Plaintiff worked as a registered nurse at a hospital owned by Defendants.[1]  During his employment, Plaintiff alleges he was subjected to verbally harassing and abusive conduct, including false and defamatory statements, by Dr. George Salameh, severe enough to constitute a hostile work environment.  (FAC ¶¶ 11-12.)  After Plaintiff complained about the harassment, his supervisors failed to remedy the situation and retaliated by submitting false negative reports about him and verbally reprimanding and harassing him.  (FAC ¶¶ 13-14, 19.)

The FAC also alleges that beginning around August 7, 2010, Plaintiff's team leader, Thomas Perez, discriminated against him because of his religion, including threatening and mocking Plaintiff because he was a minister at a non-denominational Christian church.  (FAC ¶¶ 15-17.)

Plaintiff complains of harassment by his supervisors, who treated him less favorably than other similarly situated employees by: downgrading or ignoring his complaints, subjecting him to retaliatory employment actions, imposing additional and unreasonable restrictions on his performance that were not imposed on similarly situated employees, subjecting him to arbitrary and intensive oversight, criticism, and discipline, verbally abusing and threatening him, arbitrarily changing his schedule and duties, assigning him an excessive number and the most difficult patients, and eventually terminating his employment.  (FAC ¶ 21.)

Plaintiff was terminated on August 23, 2011 allegedly on the pretextual basis of a policy violation.  (FAC ¶ 25.)  According to the FAC, Plaintiff was forbidden from carrying patient syringes in his pocket, despite the fact that almost every other nurse was allowed to do so.  (FAC ¶ 23.)  Defendants accused Plaintiff of violating policy by failing to adjust a computer entry to reflect the actual amount of medication administered to a patient after the patient requested a lower dose.  (FAC ¶ 24.)  Plaintiff contends that similarly situated nurses were not penalized for these inaccuracies, and Defendants' discriminatory directive that he not carry syringes contributed to the incident.  (Id.)

Based on these facts, the FAC states five causes of action for: (1) religious discrimination under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(a); (2) harassment under FEHA, Cal. Gov. Code 12940; (3) retaliation under FEHA, Cal. Gov. Code § 12904(h); (4) wrongful termination in violation of public policy under the California Constitution and FEHA; and (5) intentional infliction of emotional distress.  (FAC ¶¶ 27-65.)

On June 16, 2013, Defendants KFH and KPI moved to dismiss the complaint as preempted.  ("Motion," Doc. No. 9.)  Plaintiff opposed on August 19, 2013.  ("Opp'n," Doc. No. 19.)  Defendants replied on August 26, 2013.  ("Reply," Doc. No. 13.)

---

[1] Defendants KFH and KPI contend that Plaintiff incorrectly sued the Defendants named here, as Southern California Permanente Medical Group was Plaintiff's employer at all relevant times.  (Doc. No. 9 at 1.)

## II.  LEGAL STANDARD[2]

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests") (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556).  Recently, the Ninth Circuit clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

---

[2] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

### III. DISCUSSION

**A. Preemption**

Defendants' sole argument is that Section 301 of the Labor Management Relations Act ("LMRA") completely preempts Plaintiff's claims. (Motion at 5.) Defendants argue that preemption is required because Plaintiff's specific allegations require interpretation of the Collective Bargaining Agreement ("CBA") which governed his employment, specifically employees' work schedules, seniority, health and safety regulations, progressive discipline, and discharge. (Motion at 2-3.) Plaintiff argues that the LMRA does not preempt his discrimination claims because they do not depend on any interpretation of the CBA. (Opp'n at 7.)

Section 301 of the LMRA preempts a state-law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (quotation omitted). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense." Id. (citation and quotation omitted). "Causes of action that only tangentially involv[e] a provision of a collective-bargaining agreement are not preempted by section 301. Nor are causes of action which assert nonnegotiable state-law rights . . . independent of any right established by contract. . . .  A discrimination claim need not be preempted merely because certain aspects of the collective bargaining agreement govern work assignments and discharges." Id. (citation and quotation omitted).

Here, Plaintiff alleges that Defendants discriminated against him on the basis of religion, verbally harassed him, and retaliated against him for complaining. Whether or not Defendants' employees' conduct or verbal abuse constituted discrimination or harassment is not affected by any interpretation of the CBA. See Perugini v. Safeway Stores, Inc., 935 F.2d 1083, 1088 (9th Cir. 1991) ("[T]o the extent that Perugini's claims are based on allegations that Safeway's conduct and remarks constituted on-the-job harassment, reference to the CBA is not required to determine whether Safeway's conduct exceeded all bounds usually tolerated in a civilized community. The CBA does not govern the offending behavior. The resolution of these claims depends on a purely factual inquiry into the conduct and motivation of the employer."); Cook v. Lindsay Olive Growers, 911 F.2d 233, 240 (9th Cir. 1990) (finding no § 301 preemption of FEHA religious discrimination claim because "the right not to be discriminated against on the basis of religion cannot be removed by private contract"). "This is true even where the CBA closely regulates the conduct that the plaintiff claims to be discriminatory." Schrader v. Noll Mfg. Co., 91 F. App'x 553, 555 (9th Cir. 2004) (citing Ramirez v. Fox Television Station, 998 F.2d 743, 749 (9th Cir. 1993)).

Nevertheless, Defendants argue that the viability of Plaintiff's FEHA claims and related tort actions depend, in part, on whether he was legitimately terminated for violating the medication reporting policy. (Motion at 6-7.) In order to make this determination, the Court may have to refer to portions of the CBA which provide for employer safety procedures or progressive discipline. (See Motion, Exh. A.) However, since there does not appear to be any

dispute over the meaning of any terms within the CBA and any reference to the CBA will be tangential to the central issues of whether Plaintiff experienced discrimination or harassment, Plaintiff's claims do not depend on interpretation of the CBA.  See Detabali v. St. Luke's Hosp., 482 F.3d at 1203 ("[R]esolution of the central issue-whether St. Luke's discriminated against Detabali in applying the agreement-does not depend on interpretation of the collective bargaining agreement.").

      Defendants also argue that interpretation of the CBA is required because many of Plaintiff's claims depend on a determination of the work rules outlined in the CBA, how they usually apply, and whether they were applied unfairly to Plaintiff.  (Motion at 6.)  However, nowhere in the FAC does Plaintiff contest Defendants' application of the CBA's rules.  Instead, Plaintiff's harassment and retaliation claims allege that he was treated differently than other similarly situated employees.  These claims do not require the Court to examine or interpret the CBA.  At most the FAC "alleges *discriminatory enforcement* of the terms of the CBA, not the *substance* of the terms themselves."  Garcia v. Kaiser Found. Hospitals, CV 08-4153 ODW MANX, 2008 WL 4949045, at *4 (C.D. Cal. Nov. 17, 2008) (citing Ramirez, 998 F.2d at 748-49).  The fact that the terms of the CBA may be relevant to rebut Plaintiff's claim that Defendants' policies were applied to him in a discriminatory manner does not change the result.  Rather, "the need to interpret the CBA must inhere in the nature of the plaintiff's claim."  Cramer v. Consolidated Freightways Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc).  Because Plaintiff does not challenge the substance of the CBA policies or requirements, but only Defendants' motives in invoking those provisions, the need to interpret the terms of the CBA does not "inhere" in the nature of his claims.

      The Ninth Circuit has consistently held that state law employment discrimination wrongful discharge are not preempted by § 301 of the LMRA.  See, e.g., Cook, 911 F.2d at 240; Jackson v. S. Cal. Gas Co., 881 F.2d 638, 644 (9th Cir. 1989); Ackerman v. W. Elec. Co., 860 F.2d 1514, 1517-18 (9th Cir. 1988); Romero v. San Pedro Forklift, Inc., 266 F. App'x 552, 555 (9th Cir. 2008); Schrader, 91 F. App'x at 555.  In fact, "[i]n every case in which [the Ninth Circuit] ha[s] considered an action brought under [FEHA], [it] ha[s] held that it is not preempted by section 301."  Robles v. Gillig LLC, 771 F. Supp. 2d 1181, 1184 (N.D. Cal. 2011) (quoting Ramirez, 998 F.2d at 748).  In this case, the Court does not find any reason to diverge from the Ninth Circuit's strong precedent against preemption.

      Accordingly, the Court finds that Plaintiff's claims are not preempted by Section 301 of the LMRA and DENIES Defendants' motion.

### B. Remand

      Because Plaintiff's state law claims do not require the interpretation of the CBA, Section 301 does not preempt any of Plaintiff's claims.  In their notice of removal, Defendants sole basis for federal jurisdiction is premised on the erroneous contention that Plaintiff's claims are preempted.  (Not. of Removal ¶ 5, Doc. No. 1.)  As there is neither federal question jurisdiction nor diversity of citizenship, the Court lacks subject matter jurisdiction over this action and REMANDS this action to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss and REMANDS this case to the Superior Court of the State of California for the County of Riverside for further proceedings.

**IT IS SO ORDERED.**